UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND – SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD ROLAND JONES, III,** §<br>353 Peggy Dr §<br>Crestview, FL 32536 §<br>*Plaintiff* §<br>§<br>§<br>VS. §<br>§<br>§<br>**LOCKHEED MARTIN GLOBAL, INC.** §<br>**AND HEIDI MOORE** §<br>6801 Rockledge Dr. §<br>Bethesda, MD 20817 §<br>*Defendants* § | Case No. 8:25-CV-02875<br><br>**JURY DEMANDED** |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Richard Roland Jones, III ("Plaintiff") presents this First Amended Complaint for unlawful discrimination, retaliation, and, pursuant to this court's pendent jurisdiction, a civil conspiracy. Plaintiff brings this action pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., ("Title VII") and common law.

**NATURE OF THE ACTION**

1. Plaintiff brings this action against defendants Lockheed Martin Global, Inc. ("Lockheed Martin") and Heidi Moore ("Moore") ("Defendants") to redress an unlawful pattern and practice of employment discrimination on the basis of race and religion, and retaliation for reporting and actively opposing discrimination in the workplace. These acts and omissions occurred on a continuous basis during the period 2021 through February 2024, inclusive.

2. Plaintiff also brings this action to assert that Defendants and other known and unknown persons engaged in a civil conspiracy to deprive Plaintiff of the rights, privileges, and immunities guaranteed to him under the Constitution and laws of the United States, including the right to be free from discrimination based on race and religion, and the right to be free from retaliation for engaging in protected activity.

3. Plaintiff is a Black man; he is Hebrew; and he complies with non-traditional Judeo religious beliefs and practices that are outlined in scripture. Plaintiff was an employee of Lockheed Martin who was subjected to one or more aspects of systemic discrimination on the basis of his race and religion, including, but not limited to: discriminatory policies, practices, behaviors and procedures; differential treatment; hostility in the workplace; and eventually wrongful termination.

4. After reporting and actively opposing unlawful discrimination in the workplace, Defendants retaliated against Plaintiff by, among other things, filing false complaints against him, suspending him, defaming him, and eventually terminating his employment.

5. Plaintiff seeks declaratory and injunctive relief; back pay; front pay; compensatory, nominal and punitive damages; and attorneys' fees, interest, costs and expenses to redress Defendants' unlawful conduct.

## PARTIES

6. Plaintiff resides in Florida. Plaintiff was an employee of Lockheed Martin and was assigned to work for Lockheed Martin in Japan. Lockheed Martin maintains its principal place of business at 6801 Rockledge Drive, Bethesda, Maryland 20817. Plaintiff is an experienced and talented fighter pilot, who was assigned by the corporate defendant to instruct other fighter pilots in Japan and elsewhere. Defendant Heidi Moore is a natural person who currently resides in the State of Arkansas. During the relevant period, Moore was assigned by the corporate defendant to work in Japan.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331. This is a discrimination suit authorized and instituted pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.SC. § 2000e et seq. and pursuant to the court's pendent jurisdiction.

8. Venue is proper in the District of Maryland pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c) because Defendants are subject to personal jurisdiction in Maryland.

9. The District of Maryland is the most logical forum in which to litigate the claims of Plaintiff because Lockheed Martin's principal office is located in Montgomery County.

## FACTS COMMON TO ALL COUNTS

10. As alleged with greater particularity below, Defendants actively and unlawfully discriminated against Plaintiff on the basis of his race (Black) and his religion (Hebrew), by, among other things: treating him differently from and less preferably than similarly situated non-Black and non-Hebrew employees; subjecting him to disparate terms and conditions of employment; subjecting him to a hostile work environment; subjecting him to disparate treatment because his non-traditional religious beliefs; suspending him and, eventually, terminating his employment.

11. After reporting and opposing unlawful discrimination in the workplace, Defendants retaliated against Plaintiff by, among other things, filing false complaints against him, defaming him, suspending him, and wrongfully terminating his employment.

12. The discrimination and retaliation described in this Complaint was systemic, and it was continuing in nature throughout the period described above.

13. Defendants unlawfully engaged in a pattern and practice of discrimination and retaliation against Plaintiff.

14. Plaintiff was hired by Lockheed Martin as a Fighter Pilot Instructor Pilot and Training Operations Manager in Misawa, AB Japan. He worked in these positions from 2021 to 2024. He was the only Black fighter pilot instructor employed by the corporate defendant. Throughout this period, Defendants reported to, and were directed by, corporate leaders based in the State of Maryland. Overall, while assigned to work in the Nation of Japan, the corporate defendant and the individual defendant were managed and directed by corporate executives based in the State of Maryland and elsewhere in the United States.

15. Throughout his employment, Plaintiff received superior written work evaluations.

16. During or about February 2023, Plaintiff was awarded a long-term incentive for exemplary leadership, being ranked in the top 1% of employees at Lockheed Martin globally.

17. Plaintiff is Black and is of the Hebrew (Judeo) religion. Plaintiff follows and complies with non-traditional religious beliefs and practices that are outlined in scripture.

18. At all relevant times, Plaintiff was the only manager and fighter pilot instructor pilot of his race and religious beliefs in the Lockheed Martin F-35 Training Enterprise.

19. As part of Plaintiff's beliefs, he actively practices the Shabbat which prohibits any work from Friday sunset to Saturday sunset.

20. A manager in a different business unit, Heidi Moore, a white woman, would purposely and consistently interrupt Plaintiff's observance of the Shabbat. Despite Plaintiff's repeated requests that she refrain from active interference from his compliance with the Shabbat, she nevertheless persisted.

21. Moore made several attempts to convert Plaintiff to Christianity while they were assigned to work in Japan.

22. Moore rudely, offensively and repeatedly attempted to tarnish Plaintiff's professional image and standing, and she intimidated and threatened him by questioning if he intended to keep his job with the corporate defendant.

23. Moore even called Plaintiff's direct supervisor questioning his support of Plaintiff's observance of Shabbat, and also openly complained to Plaintiff's direct reports about his religious observances.

24. Moore also tasked a US government contractor from another company to spy on Plaintiff while he was on business travel, and the contractor yielded to her commands and directions.

25. Beginning in June 2022, Moore also engaged in a pattern and practice of racially discriminatory conduct that was designed to undermine Plaintiff's work and authority.

26. Moore sought to assert control over Plaintiff, despite lacking legitimate supervisory authority, and began stripping him of key duties — transferring those responsibilities to white employees without justification.

27. In October 2022, Moore escalated her conduct by destroying work materials that Plaintiff was required to submit to his superiors — an act of outright sabotage.

28. Moore also subjected Plaintiff to heightened scrutiny and inappropriate questioning regarding legitimate business travel, and routinely interrupted and commandeered meetings led by Plaintiff in a clear effort to diminish his professional standing.

29. Moore did not treat white employees this way.

30. Moore's conduct was not isolated — it was part of a broader, racially hostile environment where Plaintiff was repeatedly targeted because he is Black.

31. For example, in November 2022, two white male employees — one of whom was Plaintiff's subordinate — accused Plaintiff of being racist simply for hiring and training Black

employees. No such accusations were made when Plaintiff hired or trained white employees, who constituted the majority of Plaintiff's direct reports.

32. These same individuals escalated their conduct by directing racially charged language at Plaintiff and other Black employees, referring to them as "lazy," "unethical," and "unprofessional", and they threatened and defamed Plaintiff in the workplace.

33. Plaintiff reported both individuals and even formally disciplined the subordinate, yet Human Resources took no action to address the racist behavior of these white men.

34. Moreover, in October 2022, Plaintiff was subjected to disparate discipline for an alleged conflict of interest that did not result in similar consequences for white employees.

35. And around this same time period, Plaintiff became aware that inexperienced white pilots — whom he directly supervised — were receiving the same base pay as him.

36. When Plaintiff raised this pay disparity and requested a salary increase, his request was denied.

37. In May 2023, Plaintiff complained to his direct supervisor and also to Human Resources about the discrimination and harassment that he was experiencing, but they took no meaningful action to address the wrongful behavior.

38. In accordance with Lockheed Martin policy, in October 2023, Plaintiff filed an official complaint with Lockheed Martin EEO through his supervisor and Human Resources.

39. Plaintiff later discovered that Human Resources delayed his EEO complaint for more than a month.

40. When Plaintiff was finally contacted by an EEO officer, his complaint was not taken seriously. He was not allowed to present evidence of Moore's discrimination and harassment; and the EEO officer did not allow his witnesses to speak freely about the discrimination or provide amplifying data.

41. Plaintiff's complaint about Moore eventually was deemed unsubstantiated and in January 2024, the EEO officer cleared Moore of any wrongdoing. It should be noted that Moore has often bragged about her close business relationships with women in the corporate defendant's EEO and Ethics Departments.

42. After Plaintiff filed his complaint, Moore actively and repeatedly retaliated against him.

43. She collaborated, conspired, and confederated with at least two white males who worked under Plaintiff's supervision and each of them filed an ethics complaint against Plaintiff using and relying on false and fraudulent information.

44. Moore was aware that Plaintiff had previously disciplined these white men for workplace bullying, investigated them for timecard fraud, did not approve the funding for inappropriate travel, and removed one of them from his assistant lead position for the aforementioned behaviors.

45. Moore also tasked a Japanese language translator, to get information about Plaintiff's religion and family structure. The translator then used that information and made false and fraudulent allegations about a short conversation that she had with Plaintiff.

46. As a result of the retaliatory complaints filed by Moore and her confederates against Plaintiff, he was placed on unpaid suspension in January 2024.

47. Upon information and belief, during the period of Plaintiff's suspension, Moore and her confederates made several racist comments about Plaintiff and Black people generally, including that the corporate office in Japan office "used to be a white's only office." These racists comments were reported to a senior leader, but the complaints were ignored, and no bona fide investigation ever was conducted.

48. In late January 2024, Plaintiff escalated his complaints of religious discrimination and race discrimination to the Lockheed Martin Director of Ethics, and the Vice President of Ethics; however, his complaints were summarily dismissed. After making this complaint, and in

retaliation for making complaints about unlawful discrimination, Plaintiff's employment was terminated by the corporate defendant, effective February 9, 2024.

## CAUSES OF ACTION

### COUNT I

### (Race Discrimination in Violation of Section 1981)

49. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

50. Plaintiff is a member of a racial minority. Plaintiff is a Black man.

51. Plaintiff alleges that Defendants have discriminated against him on the basis of his race (as described above) by treating him differently from and less preferably than similarly situated non-Black employees and subjecting him to disparate terms and conditions of employment, hostile work environment, suspension, termination, and other forms of discrimination in violation of Section 1981.

52. Defendant's conduct was intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff.

53. As a proximate result of Defendants' unlawful discriminatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

54. As a proximate result of Defendants' unlawful discriminatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## COUNT II

### (Race & Religion Discrimination in Violation of Title VII)

55. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

56. Plaintiff is a member of two protected classes. Plaintiff is a Black man and of the Hebrew (Judeo) religion. He holds non-traditional religious beliefs and practices that are outlined in scripture.

57. Plaintiff alleges that Lockheed Martin, in collaboration with Moore, has discriminated against him on the basis of his race and religion (as described above) by treating him differently from and less preferably than similarly situated non-Black and non-Hebrew employees and subjecting him to disparate terms and conditions of employment, hostile work environment, suspension, termination, and other forms of discrimination in violation of Title VII.

58. Lockheed Martin's conduct was intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff.   Moore's acts and omission also were deliberate and sinister.

59. As a proximate result of Lockheed Martin's unlawful discriminatory conduct, in collaboration with Moore, in violation of Title VII, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

60. As a proximate result of Lockheed Martin's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## COUNT III

### (Retaliation in Violation of Section 1981)

61. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

62. Plaintiff is a member of a racial minority. Plaintiff is a Black man.

63. Plaintiff alleges that Defendants retaliated against him for reporting and opposing race discrimination by filing false complaints against him, suspending him, defaming him, and terminating his employment.

64. Defendants' conduct was intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff.

65. As a proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

66. As a proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## COUNT VI

### (Retaliation in Violation of Title VII)

67. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

68. Plaintiff is a member of two protected classes. Plaintiff is a Black man and of the Hebrew religion. He holds non-traditional religious beliefs and practices that are outlined in scripture.

69. Plaintiff alleges that Lockheed Martin retaliated against him for reporting and opposing discrimination by filing false complaints against him, suspending him, defaming him, and terminating his employment.

70. Lockheed Martin's conduct was intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff.

71. As a proximate result of Lockheed Martin's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

72. As a proximate result of Lockheed Martin's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## COUNT VII

### (Civil Conspiracy)

73. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

74. Defendants and others, beginning in 2021 and continuing until February 2024, combined, conspired, confederated and agreed with one another to deprive Plaintiff of the rights, privileges, and immunities guaranteed to him under the Constitution and laws of the United States, including

the right to be free from unlawful discrimination based on race and religion, and the right to be free from retaliation for engaging in protected activity.

75. Acting in concert with each other based on one or more express or tacit agreements, Defendants and others undertook overt and intentional acts designed to harm Plaintiff and to unlawfully interfere with the exercise and enjoyment of his constitutional and lawful rights.

76. Defendants' conduct, in combination with others, was intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff.

77. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

78. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A. Declare that Defendants' employment policies, practices and/or procedures challenged herein are illegal and in violation of Title VII and Section 1981.

B. Declare that Defendants actions constitute an unlawful civil conspiracy.

C. Issue permanent injunction against Defendants and its partners, officers, owners, agents, successors, employees, confederates, and representatives and any and all persons acting in concert with them, from engaging in any further unlawful discrimination and retaliation.

  D. Order Defendants to make Plaintiff whole by providing appropriate back pay, front pay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief as the Court finds fair, adequate and necessary.

  E. Order Defendants to make Plaintiff whole by providing compensation for past, present, and future pecuniary losses resulting from the unlawful discriminatory and retaliatory practices described above in amounts to be determined at trial.

  F. Order Defendants to make Plaintiff whole by providing compensation for non-pecuniary losses resulting from the unlawful discriminatory and retaliatory practices described above, including emotional pain and suffering, stress, anxiety, depression, loss of enjoyment of life, inconvenience, embarrassment, and humiliation, in amounts to be determined at trial.

  G. Order Defendants to pay Plaintiff punitive damages for its willful and malicious conduct in wanton disregard of Plaintiff's rights as described above, in an amount to be determined at trial.

  H. Award reasonable attorney's fees, interest and costs.

  I. Grant such other and further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims of relief and issues triable by jury.

         Respectfully submitted,

November 11, 2025       */s/ Oliver C. Mitchell, Jr.*
               Oliver C. Mitchell, Jr.
               Bar # 31867
               New York Bar No. 4486460
               101 Ellsworth Drive
               Sinking Spring, Pennsylvania 19608
               Tel. (248) 613-6315
               ocmitchelljr@aol.com

/s/ Leslie N. Oguchi_____
Leslie N. Oguchi
New York Bar No. 4897856
5903 Serrano Terrace Lane
Houston, Texas 77041
Tel. (832) 454-6612
Leslie.oguchi@oguchilaw.com
*Pro Hac Vice Admission Pending*
*Attorneys for Plaintiff*