## UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND – SOUTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD ROLAND JONES, III,** | § | |
| *Plaintiff* | § | |
| | § | Case No. 8:25-CV-02875 |
| | § | |
| **VS.** | § | |
| | § | |
| | § | |
| **LOCKHEED MARTIN GLOBAL, INC.** | § | |
| **AND HEIDI MOORE** | § | |
| *Defendants* | § | |

### PLAINTIFF'S OPPOSITION TO PARTIAL MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

Plaintiff Richard Rolands Jones files this opposition to Defendants' Lockheed Martin Global and Heidi Moore's Partial Motion to Dismiss. As noted in the accompanying Memorandum, Plaintiff will seek leave to amend the First Amended Complaint to: (a) plead with greater particularity the factual instances and geographic concerns supporting Plaintiff's race discrimination claims, and (b) remove the civil conspiracy claim.

### I.    LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc*., 848 F.3d 698, 701 (5th Cir. 2017) *(*quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## II.   ARGUMENT

### A.  Plaintiff's Section 1981 Claims Have Extraterritorial Application At Misawa Air Base Because Defendants' Actions Occurring At The Military Base Constitute Domestic Conduct.

The Fifth Circuit has recognized that civil statutes, like 42 U.S.C. § 1981 ("Section 1981"), may apply extraterritorially to actions occurring at a United States military base abroad when the actions constitute domestic conduct. Conduct is considered domestic when the overseas military base constitutes a de facto territory of the United States. *Adhikari v. Kellogg Brown & Root, Inc.*, 845 F.3d 184, 195 - 97 (5th Cir. 2017). A U.S. military base constitutes a de facto U.S. territory where the United States has "demonstrated intent to exercise sovereignty over" the base on a permanent basis. Id. at 197 (citing *Rasul v. Bush*, 542 U.S. 466 (2004)).

In *Rasul*, the Supreme Court explained that, pursuant to the Treaty between the United States of America and Cuba, art. III, May 29, 1934, the United States exercises complete jurisdiction and control over the Guantánamo Bay Naval Base. The Court further indicated that federal courts have jurisdiction in Guantánamo Bay because U.S. control over the naval base is "unchallenged and indefinite," and because the United States may continue to exercise such control permanently if it so chooses. See *Rasul*, 542 U.S. at 487 (Kennedy, J., concurring).

Here, Plaintiff was assigned to work at Misawa Air Base. (Am. Compl. ¶14.) Misawa Air Base is a United States military base operating pursuant to the Treaty between the United States of America and Japan, originally signed September 8, 1951, and revised January 23, 1960. Under this treaty, the United States has exercised continuous and complete jurisdiction and control over

2

Misawa Air Base for nearly seventy-five years. Like Guantánamo Bay Naval Base, the United States' control over Misawa Air Base has been continuous, "unchallenged and indefinite," and the United States may continue to exercise its complete jurisdiction and control over Misawa Air Base permanently if it so chooses. Id.

Accordingly, Misawa Air Base constitutes a de facto territory of the United States, and Defendants' actions, as a prominent government contractor, at the air base constitutes domestic conduct. Therefore, Section 1981 applies extraterritorially, specifically at Misawa Air Base, giving this Court jurisdiction over Plaintiff's Section 1981 claims.

**B. Forthcoming Motion for Leave to Amend Will Further Particularize the Race Discrimination Claims and Moot Defendants' Challenge to the Civil Conspiracy Claim.**

Plaintiff intends promptly to move for leave to amend the First Amended Complaint to (a) plead with greater particularity the factual instances and geographic concerns supporting Plaintiff's race discrimination claims, and (b) remove the civil conspiracy claim (Count VII), thereby narrowing the issues in dispute and mooting Defendants' motion to dismiss as to Count VII.

### III. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court deny Defendants' Partial Motion to Dismiss and grant him leave to amend the First Amended Complaint.

Respectfully submitted,

3

December 18, 2025

*/s/ Oliver C. Mitchell, Jr.*
Oliver C. Mitchell, Jr.
Bar # 31867
New York Bar No. 4486460
101 Ellsworth Drive
Sinking Spring, Pennsylvania 19608
Tel. (248) 613-6315
ocmitchelljr@aol.com

*/s/ Leslie N. Oguchi*
Leslie N. Oguchi
New York Bar No. 4897856
5903 Serrano Terrace Lane
Houston, Texas 77041
Tel. (832) 454-6612
Leslie.oguchi@oguchilaw.com
*Admission Pending*

**Attorneys for Plaintiff**

### CERTFICATE OF SERVICE

I hereby certify that on December 18, 2025, a copy of the foregoing document has been electronically filed with the Court, and served on all counsel of record by the Court's ECF system, including:

Stavroula E. Lambrakopoulos
Stavroula.Lambrakopoulos@klgates.com
April Boyer
April.Boyer@klgates.com
Yamilet Hurtado
Yamilet.Hurtado@klgates.com
K&L GATES LLP
1601 K Street, NW, Washington, D.C. 20006

/s/ Oliver C. Mitchell, Jr.
OLIVER C. MITCHELL, JR.