UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD ROLAND JONES, III, | ) |
| | ) Case No. 8:25-cv-02875 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LOCKHEED MARTIN GLOBAL, INC. and HEIDI MOORE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE
TO AMEND THE FIRST AMENDED COMPLAINT**

K&L GATES LLP

Stavroula E. Lambrakopoulos
Bar No. 023801
1601 K Street, NW
Washington, D.C. 20006
T: 202.778.9248
F: 202.778.9100
Stavroula.lambrakopoulos@klgates.com

April Boyer (*Pro Hac Vice*)
Florida Bar No. 168335
april.boyer@klgates.com
Yamilet Hurtado (*Pro Hac Vice*)
Florida Bar No. 95607
yamilet.hurtado@klgates.com
200 South Biscayne Boulevard, Suite 3900
Miami, Florida 33131
T. 305.539.3300
F. 305.358.7095

DATED:    January 5, 2026          *Attorneys for Defendants*

i

1400724756.4

# **TABLE OF CONTENTS**

I.   Introduction ........................................................................................................................ 1

II.  Relevant Factual and Procedural History ........................................................................... 2

    A.  Misawa Air Base ......................................................................................................... 2

    B.  Procedural History ....................................................................................................... 3

III. Amendment as to Counts I and III (Section 1981) Would Be Futile .................................. 4

    A.  Legal Standard ............................................................................................................. 5

    B.  Plaintiff Admits the Relevant Conduct Occurred While He Worked in Japan But Makes a Legally Insufficient Claim that It Is Domestic Conduct .................................. 6

    C.  Plaintiff's Proposed Second Amendment As to Counts I and III Is Futile Because Plaintiff's Primary Workstation Was in Japan ............................................................. 7

       i.  This Court Can Reject New Allegations that Contradict the Two Prior Complaints ... 8

       ii. The New Allegations of U.S. Connections Are Insufficient ....................................... 9

    D.  Alternatively, Plaintiff's Section 1981 Claims Should Be Limited to Any Period of Alleged Employment Within the United States ......................................................... 11

IV.  Conclusion ........................................................................................................................ 11

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Anand v. Ocwen Loan Servicing, LLC*,
   754 F.3d 195 (4th Cir. 2014) ...................................................................................................5

*Barris v. Hamilton*,
   No. 96-9541, 1999 WL 311813 (S.D.N.Y. May 17, 1999) .......................................................9

*Bond v. United States*,
   742 F. App'x 735 (4th Cir. 2018) .............................................................................................5

*Boustany v. Xylem Inc.*,
   235 F. Supp. 3d 486 (S.D.N.Y. 2017)......................................................................................10

*Brainchild Surgical Devices, LLC v. CPA Glob. Ltd.*,
   144 F.4th 238 (4th Cir. 2025) ...................................................................................................5

*Colliton v. Cravath, Swaine & Moore, LLP*,
   No. 08-0400, 2008 WL 4386764 (S.D.N.Y. Sept. 24, 2008),
   *aff'd*, 356 Fed.Appx. 535 (2d Cir.2009) (per curiam) ..............................................................8

*Denty v. SmithKline Beecham Corp.*,
   907 F. Supp. 879 (E.D. Pa. 1995), *aff'd*, 109 F.3d 147 (3d Cir. 1997) .....................................9

*Freeman v. Sikorsky Aircraft Corp.*,
   No. 04–CV–0506, 2006 WL 2385311 (N.D. Okla. Aug. 17, 2006) ........................................10

*Gantchar v. United Airlines, Inc.*,
   No. 93 C 1457, 1995 WL 137053 (N.D. Ill. March 28, 1995) ................................................10

*Marshall v. Exelis Sys. Corp.*,
   No. 13-CV-00545-CMA-KMT, 2014 WL 1213473 (D. Colo. Mar. 24, 2014)........................6

*Menk v. MITRE Corp.*,
   No. 1:23-CV-00053-JRR, 2024 WL 2257894 (D. Md. May 17, 2024) ...................................5

*Murphy v. U.S. Dep't of Health & Hum. Servs.*,
   No. 1:24-CV-01592-JRR, 2025 WL 1455379 (D. Md. May 20, 2025) ...................................5

*Ofori-Tenkorang v. American International Group, Inc.*,
   460 F.3d 296 (2d Cir. 2006)................................................................................................9, 11

*Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*,
   914 F.3d 213 (4th Cir. 2019) ....................................................................................................6

*Schwartz v. Esmark, Inc.*,
    1996 WL 441022 (N.D. Ill. Mar. 31, 1990)...............................................................8

*Souryal v. Torres Advanced Enter. Solutions, LLC*,
    847 F.Supp.2d 835 (E.D.Va. 2012) ...........................................................................9

*Taha v. L3 Commc'ns Corp.*,
    2009 WL 3837278 ...................................................................................................10

*Wallace v. New York City Dep't of Corr.*,
    No. 95 Civ. 4404, 1996 WL 586797 (E.D.N.Y. Oct. 9, 1996)..................................8

**Statutes and Treaties**

Agreement Under Article VI of the Treaty of Mutual Cooperation and Security
    Between the United States of America and Japan, Regarding Facilities and
    Areas and the Status of United States Armed Forces in Japan..................................7

Civil Rights Act of 1964 Title VII, 42 U.S.C. § 2000e *et seq.* .........................................3

Treaty of Mutual Cooperation and Security Between Japan and the United States
    of America, 250 U.N.T.S. 1960................................................................................2

**Other Authorities**

Federal Rule of Civil Procedure 15(a) ..............................................................................5

Federal Rule of Evidence 201 .......................................................................................2, 3

Federal Rule of Civil Procedure 9(b)................................................................................5

3

Defendants Lockheed Martin Global, Inc. ("**LMG**") and Heidi Moore ("**Ms. Moore**") (collectively, "**Defendants**"), through their undersigned counsel, submit this memorandum in opposition to the Motion for Leave to Amend the First Amended Complaint ("**Motion to Amend**"), which was filed by Plaintiff Richard J. Jones, III ("**Mr. Jones**" or "**Plaintiff**") together with a proposed Second Amended Complaint ("**Proposed Second Amendment**"). The Proposed Second Amendment presents no facts sufficient to rebut Defendants' arguments for dismissal with prejudice of Counts I and III (Plaintiff's claims for racial discrimination and retaliation under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("**Section 1981**")). Accordingly, amendment of the First Amended Complaint would be futile and leave to amend should be denied.

I.   **INTRODUCTION**

In response to Defendants' Partial Motion to Dismiss the First Amended Complaint ("**Motion to Dismiss**"), Plaintiff submitted a memorandum in opposition ("**Opposition**") and subsequently filed the Motion to Amend with the Proposed Second Amendment. Contrary to Plaintiff's desired intent in seeking leave to amend, the Opposition and Proposed Second Amendment actually support Defendants' request for dismissal with prejudice of Counts I and III of the First Amended Complaint by effectively conceding that the dispositive facts in that pleading occurred while Plaintiff was employed by LMG in Japan, which means that Section 1981 does not apply to purported actions occurring in Japan. The limited new allegations of activity in the United States (which candidly were never raised in two prior versions of this lawsuit) do not extend Section 1981's application to Plaintiff's claims since Plaintiff's primary workstation was in Japan and the key, operative facts occurred outside of the United States. The proposed new additions demonstrate the futility of the Proposed Second Amendment. Because amending the complaint to

1

add these new factual allegations is futile, as it does not provide legally viable Section 1981 race discrimination claims (Counts I and III), the Motion to Amend should be denied.

## II.   RELEVANT FACTUAL AND PROCEDURAL HISTORY

### A.   Misawa Air Base

Misawa Air Force Base ("**Misawa AB**") is located in Japan, and this Court may take judicial notice of its location for purposes of resolving this Motion. *See* https://www.misawa.af.mil/Newcomers.[1]

Plaintiff was employed by LMG to serve as a Fighter Pilot Instructor Pilot and Training Manager at Misawa AB from 2021 to 2024. (First Am. Compl. ¶¶ 5, 13.)  As noted in paragraph 13 of the Proposed Second Amendment, U.S. armed forces are authorized to use Japanese territory, including Misawa AB, pursuant to a treaty between the United States and Japan.[2] The Security Treaty provides the U.S. with "use by its land, air and naval forces of facilities and areas in Japan." Security Treaty, Art. II. The Status of Forces Agreement ("**SOFA**") implementing the Security Treaty makes clear that "members of the United States armed forces, the civilian component, and their dependents" in the country pursuant to the SOFA "***shall be subject to the laws*** and regulations administered by the customs authorities of ***Japan***." SOFA, Art. XI, Sec. 1 (emphasis added). Moreover, "Misawa Air Base is unique in that it's the only combined, joint service installation in

---

[1] In reviewing this Motion to Amend, this Court may take judicial notice of this fact, including reliance on the U.S. Air Force website for Misawa AB. *See* Fed. R. Evid. 201.

[2] Treaty of Mutual Cooperation and Security Between Japan and the United States of America, 250 U.N.T.S. 1960, available at https://treaties.un.org/doc/Publication/UNTS/Volume%20373/volume-373-I-5321-English.pdf ("**Security Treaty**"); Agreement Under Article VI of the Treaty of Mutual Cooperation and Security Between the United States of America and Japan, Regarding Facilities and Areas and the Status of United States Armed Forces in Japan ("**SOFA**"), available from the U.S. Army at https://www.usarj.army.mil/Portals/33/cmdstaffs/sja/doc/sofa_201601.pdf.

2

the western Pacific. Units represented are the U.S. Air Force, U.S. Navy, U.S. Army as well as the Japan Air Self-Defense Force, or JASDF." *See* https://www.misawa.af.mil/Newcomers.[3]

### B.   Procedural History

On September 2, 2025, Mr. Jones filed his initial complaint against Lockheed Martin Corp. and Ms. Moore. (Complaint, ECF No.1.) By agreement between the parties, Mr. Jones subsequently amended the complaint to correct the misnomer identifying LMG as d/b/a of Lockheed Martin Corp., on November 19, 2025, and to substitute the proper name of LMG. (*See* First Amended Complaint ("**First Am. Compl.**"), ECF No. 20.) In the five-count First Amended Complaint, Mr. Jones asserts claims of (1) racial discrimination against Defendants pursuant to Section 1981 (Count I); (2) racial and religious discrimination against LMG pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("**Title VII**") (Count II), (3) retaliation under Section 1981 against Defendants (Count III), (4) retaliation in violation of Title VII against LMG (Count VI[4]), and (5) common law civil conspiracy by each of the Defendants to deprive Mr. Jones of his right to be free from discrimination and harassment (Count VII[3]).

On December 5, 2025, Defendants filed the Motion to Dismiss seeking dismissal with prejudice of Counts I, III, and VII for failure to state a claim upon which relief may be granted, which is incorporated herein by reference. (*See* Motion to Dismiss.)

---

[3] In reviewing this Motion to Amend, this Court may take judicial notice of the SOFA and Security Treaty expressly referenced in the Proposed Second Amendment. Moreover, this Court may take judicial notice of the SOFA and Security Treaty pursuant to Federal Rule of Evidence 201 ("[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Further, as noted previously, this Court may take judicial notice of information contained in the U.S. Air Force website for Misawa AB. *See* Fed. R. Evid. 201.

[4] Plaintiff's claim for retaliation under Title VII has been misnumbered as Count VI, though it is the fourth claim in the First Amended Complaint.

Counsel for Plaintiff and Defendants conferred about Plaintiff seeking leave to amend the First Amended Complaint. While Defendants consented to an amended pleading that removed the civil conspiracy count (which the Proposed Second Amendment does), Defendants also only agreed to the amended pleading if the Section 1981 claims were removed as well (which the Proposed Second Amendment does not do). Because an agreement could not be reached on the claims to be included in the Proposed Second Amendment, on December 18, 2025, Plaintiff filed the Opposition to the Motion to Dismiss. On December 22, 2025, Plaintiff filed the Motion to Amend together with a redline of the Proposed Second Amendment.[5]

On January 2, 2025, Defendants' filed their Reply in Support of the Motion to Dismiss, which is incorporated herein by reference ("**Reply**").

## III. AMENDMENT AS TO COUNTS I AND III (SECTION 1981) WOULD BE FUTILE

In the Complaint and the First Amended Complaint, Plaintiff alleged (accurately) that he worked for LMG in Misawa AB in Japan. (*Compare* First Am. Compl. ¶ 6 *with* Prop. Sec. Am. Compl. ¶ 5.) The first two versions of the complaint, however, contained no factual allegations about any racially discriminatory events that occurred in the United States, nor did Plaintiff make factual allegations about purported business trips to the United States while employed by LMG. The Proposed Second Amendment now contains such allegations. (*See* Prop. Sec. Am. Compl. ¶¶ 14, 25, 27, 32, 35.) Nonetheless, as explained in more details in Defendants' Motion to Dismiss (pages 5 to 12) and in the Reply (pages 2 to 6), Section 1981's text and applicable precedent preclude extraterritorial application of the statute, and courts consistently have rejected efforts to apply Section 1981 to employment at overseas military bases. Neither the Opposition nor the

---

[5] Plaintiff initially filed a motion for leave to amend, which was rejected by the Clerk and subsequently refiled on December 22, 2025.

Motion to Amend cite to a single case applying Section 1981 outside of the United States' physical boundaries. Instead, Plaintiff raises a legally and factually inaccurate argument seeking to characterize Misawa AB as a "de facto U.S. territory" to plead around Section 1981's requirements and then adds in a few limited trips to the U.S. during his LMG employment. For the reasons set forth in Defendants' Partial Motion to Dismiss (pages 5 to 12) and in the Reply (pages 2 to 6), Plaintiff's theory and the case law are inapplicable to the facts and claims here.

### A.     Legal Standard

Under Federal Rule of Civil Procedure 15(a), leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, it is proper for courts to deny leave on the grounds of futility when the proposed amendment is "clearly insufficient or frivolous on its face" or fails to state a claim under the applicable rules. *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 200 (4th Cir. 2014) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir.1986)); *Bond v. United States*, 742 F. App'x 735, 736 (4th Cir. 2018); *Brainchild Surgical Devices, LLC v. CPA Glob. Ltd.*, 144 F.4th 238, 258 n.14 (4th Cir. 2025) (affirming denial of leave to amend because proposed amendment failed to plead with particularity as required by Rule 9(b) and merely restated breach of contract allegations).

Futility exists where additional factual allegations would not render the claim plausible, or where the amendment merely restates previously dismissed claims or conclusory assertions. *Anand*, 754 F.3d at 200; *Bond*, 742 F. App'x at 737-38; *Menk v. MITRE Corp.*, No. 1:23-CV-00053-JRR, 2024 WL 2257894, at *1-2, 4 (D. Md. May 17, 2024). District courts applying this standard routinely deny leave when proposed amendments fail to cure deficiencies, would invite confusion, prejudice the defendant, or waste judicial resources. *Menk*, 2024 WL 2257894, at *4; see also *Murphy v. U.S. Dep't of Health & Hum. Servs.*, No. 1:24-CV-01592-JRR, 2025 WL

5

1455379, at *4, 10–12 (D. Md. May 20, 2025) (denying leave to amend because proposed amendment failed to state a claim under the applicable rules and facts could not support the theories argued); *France v. Lockheed Martin Corp.*, No. 4:18-CV-317-Y, 2018 WL 10561526, at *6 (N.D. Tex. Oct. 10, 2018) (denying leave to amend Section 1981 claims because "[a]mendment would bring Plaintiffs no closer to satisfying the test articulated in *Morrison* and in *RJR Nabisco*" for extraterritorial application of Section 1981); *see also Marshall v. Exelis Sys. Corp.*, No. 13-CV-00545-CMA-KMT, 2014 WL 1213473, at *6 (D. Colo. Mar. 24, 2014). "A proposed amendment is futile when it is clearly insufficient or frivolous on its face," or "if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (internal quotation marks omitted).

### B. Plaintiff Admits the Relevant Conduct Occurred While He Worked in Japan But Makes a Legally Insufficient Claim that It Is Domestic Conduct

In the Proposed Second Amendment, Plaintiff does not dispute the core factual allegations of his First Amended Complaint that he was employed by LMG in Japan. Instead, Plaintiff makes a conclusory (but factually false) allegation that acts "occurring at the military base constitute domestic conduct" in an effort to extend Section 1981 to reach Misawa AB. (Opp. p. 2.) The Proposed Second Amendment alleges:

> 13. Plaintiff was hired by Lockheed Martin as a Fighter Pilot Instructor Pilot and Training Operations Manager in Misawa, AB Japan. He worked at various times in these positions from 2021 to 2024. Plaintiff was assigned to work at Misawa Air Base, a military base that the United States has exercised continuous and complete jurisdiction and control over since 1951 (nearly 75 years), and which the United States government apparently plans to control permanently by reason of its conduct.

Prop. Sec. Am. Compl. ¶ 13 (redlines in original). Plaintiff's admission that he worked for and was employed by LMG in Japan supports that he cannot bring a Section 1981 claim (Counts I and III of the Proposed Second Amendment) because Section 1981 does not extend to employment and work performed outside the United States – even at a military base like Misawa AB. *See* Motion to Dismiss (pages 5 to 12) and Reply (pages 2 to 6).

To the extent Plaintiff's additional allegations about 75 years of operation of Misawa AB is intended to overcome the futility of raising these Section 1981 counts, the allegations are contradicted by the Treaty and SOFA that Plaintiff relies upon in the Proposed Second Amendment. *Compare* Prop. Sec. Am. Compl. at ¶ 13 *with* Section II (A) above. Nothing in the Security Treaty or SOFA extends Section 1981 to workers employed to work at Misawa AB. To the contrary, the SOFA provides that Plaintiff (and other workers at Misawa AB) "***shall be subject to the laws*** and regulations administered by the customs authorities of ***Japan***." SOFA, Art. XI, Sec. 1 (emphasis added). Because Plaintiff admits that he worked for LMG in Japan and the Security Treaty and SOFA do not convert Misawa AB to a U.S. "state or territory", the Proposed Second Amendment remains insufficient as a matter of law because Section 1981 simply does not extend to workers at Misawa AB. Amending Counts I and III of the Proposed Second Amendment is thus futile because Plaintiff cannot assert a Section 1981 race discrimination or retaliation claim related to his employment at Misawa AB in Japan.   Therefore, the Motion to Amend should be denied.

      **C.**    **Plaintiff's Proposed Second Amendment As to Counts I and III Is Futile Because Plaintiff's Primary Workstation Was in Japan**

The Proposed Second Amendment continues to strongly emphasize that Counts I and III are predicated upon Plaintiff's employment at Misawa AB in Japan. Plaintiff adds new allegations of limited contacts with the U.S. through two or three business trips, but these new allegations are

7

insufficient to extend Section 1981 to Plaintiff's employment with LMG or his interactions with Ms. Moore.

In contrast to the allegations of the First Amended Complaint, Plaintiff's Proposed Second Amendment now claims that he was employed by LMG at Misawa AB "and elsewhere within the United States." (Prop. Sec. Am. Compl. ¶ 5.) Beyond conclusory assertions that "many acts of discrimination occurred while Plaintiff was working within the United States[,]" Mr. Jones only points to two or three instances of alleged business travel to the United States during the three-year period he was employed by LMG that are related to his claims. (*Id*. at ¶¶ 27 (alleged business travel in October 2022), 32 (vague assertion of working in Atlanta at some undisclosed time), and 37 (alleged business trip to Orlando in May 2023).) These allegations, even assuming they are true for purposes of the Motion to Amend, are insufficient to establish that Mr. Jones' primary workstation was in the United States during his employment with LMG.

> i. **This Court Can Reject New Allegations that Contradict the Two Prior Complaints**

As a threshold matter, where as here, a "plaintiff blatantly changes his statement of the facts in order to respond to the defendant['s] motion to dismiss ... [and] directly contradicts the facts set forth in his original complaint," a court is authorized "to accept the facts described in the original complaint as true." *Wallace v. New York City Dep't of Corr.*, No. 95 Civ. 4404, 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996); *See also Schwartz v. Esmark, Inc.*, 1996 WL 441022 at *4 (N.D. Ill. Mar. 31, 1990) (plaintiff sought to avoid dismissal of his case due to lapsing statute of limitations by amending it to change his account of when certain events occurred; court noted that "plaintiff could not, in good faith, have so diametrically reversed his recollection and position between the time of the filing" original and amended pleading); *Colliton v. Cravath, Swaine & Moore, LLP*, No. 08-0400, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008), *aff'd*, 356

8

Fed.Appx. 535 (2d Cir.2009) (per curiam) (accepting the facts as alleged in the original complaint as true for the purposes of a motion to dismiss where the plaintiff made a "transparent attempt...to amend his pleading[s] in order to avoid a dispositive defense" raised by the defendant and the amended complaint directly contradicted the original complaint); *Barris v. Hamilton*, No. 96-9541, 1999 WL 311813, at *2 (S.D.N.Y. May 17, 1999) (holding that a court should "disregard the contradictory and manipulated allegations of an amended pleading").

  ii. **The New Allegations of U.S. Connections Are Insufficient**

Moreover, even considering the "new" facts set forth in the proposed Second Amended Complaint, they are insufficient to establish that Mr. Jones' primary workstation was in the United States during his employment with LMG.

First and foremost, Plaintiff admits he was employed as a "Fighter Pilot Instructor Pilot and Training Operations Manager in Misawa, AB Japan." (Prop. Sec. Am. Compl.¶ 13.) By virtue of the position he held and as he described it, his work was primarily and necessarily performed at Misawa AB. (*Id.* at ¶¶ 13, 14.) "[A]n individual, whose primary workstation is abroad, cannot characterize otherwise extraterritorial employment as domestic solely because employment decisions were made ... in the United States." *Ofori-Tenkorang v. American International Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006) (quoting *Shekoyan v. Sibley Int'l Corp.*, 217 F.Supp.2d 59, 68 (D.D.C.2002); *France v. Lockheed Martin Corp.*, No. 4:18-CV-317-Y, 2018 WL 10561526, at *2 (N.D. Tex. Oct. 10, 2018) (Section 1981 was inapplicable to plaintiff whose primary workstation was Balad Air Force Base in Iraq). *See also Denty v. SmithKline Beecham Corp.*, 907 F. Supp. 879, 884 (E.D. Pa. 1995), *aff'd*, 109 F.3d 147 (3d Cir. 1997) (holding that an employee was not covered by the ADEA because his work station was outside the United States); *Souryal v. Torres Advanced Enter. Solutions, LLC*, 847 F.Supp.2d 835, 839 (E.D.Va. 2012) (holding that

contract worker at the U.S. embassy in Iraq was not entitled to any rights under the FMLA); *Freeman v. Sikorsky Aircraft Corp.*, No. 04–CV–0506, 2006 WL 2385311, at *2 (N.D. Okla. Aug. 17, 2006) (rejecting a claim by the manager of the defendants' base in Manaus, Brazil, that his "worksite" was in the United States and holding that he was not an eligible employee for purposes of the FMLA); *Taha v. L3 Commc'ns Corp.*, 2009 WL 3837278, at *3 (E.D. Va. Nov. 13, 2009) (Iraqi-born military contractor employees working in Iraq as translators were not working in the U.S. and therefore were not covered by the FLSA.)

Second, three instances of allegedly business-related travel to the United States do not alter the fact that Mr. Jones' primary work location was in Japan. (Prop. Sec. Amend. Compl. ¶¶ 5, 13.) For instance, in *Gulaid v. CH2M Hill, Inc.*, the court dismissed Section 1981 claims brought by a California resident who was employed by CH2M Hill on a construction project on the U.S. Navy base in Djibouti. No. 15-CV-04824-JST, 2016 WL 5673144, at *6 (N.D. Cal. Oct. 3, 2016). The court rejected the plaintiff's argument that two instances of alleged discriminatory conduct occurring while plaintiff was located in California were sufficient to establish that the plaintiff was employed within the United States for purposes of Section 1981. *Gulaid*, 2016 WL 5673144, *6. *See also Boustany v. Xylem Inc.*, 235 F. Supp. 3d 486, 493 (S.D.N.Y. 2017) (holding that plaintiff failed to plausibly allege that her "primary workstation" was within the United States where employee was based in Lebanon, finding "two business trips to the United States cannot plausibly make any state within the United States [plaintiff]'s primary workstation"); *Gantchar v. United Airlines, Inc.*, No. 93 C 1457, 1995 WL 137053, at *10 (N.D. Ill. March 28, 1995) (holding that foreign flight attendant, who spent approximately 20% of her time working in the United States, was not employed in the United States).

Plaintiff's Proposed Second Amended Complaint does not overcome the territorial limitations of Section 1981, which only applies to employment within the United States, as his primary work location, by his own admission in three versions of the complaint, was Misawa AB in Japan. Sporadic business trips do not alter this fundamental fact. As a result, Mr. Jones was not employed "within the jurisdiction of the United States" at the time of the alleged discrimination and retaliation, as Section 1981 requires for its application, and any further amendments would be futile. Therefore, the Motion to Amend should be denied.

**D.   Alternatively, Plaintiff's Section 1981 Claims Should Be Limited to Any Period of Alleged Employment Within the United States**

In the alternative, if this Court is willing to allow Plaintiff leave to amend his Section 1981 claims, the Second Proposed Amendment should still be rejected to the extent it is predicated on actions occurring while Plaintiff was employed and physically located in Japan. Instead, Plaintiff's Section 1981 claims should be limited only to those actions that occurred in the United States, which are quite limited. Plaintiff, therefore, should be required to replead the Section 1981 claims and limit them any alleged violation of Section 1981 that allegedly occurred in the United States. *See Ofori-Tenkorang v. American International Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006) (dismissing claims related to events occurring overseas and limiting claims to period of employment in the United States).

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Amend should be denied on the basis of futility. The Court should grant Defendants' Motion to Dismiss dismissing Counts I, III, and VII of the First Amended Complaint with prejudice for failure to state a claim upon which relief may be granted. As these are the sole counts that are, or could be, alleged against Ms. Moore,

11

individually, Ms. Moore should be dismissed as a defendant from this action in its entirety with prejudice.

In the alternative, if this Court is willing to afford Plaintiff an opportunity to amend his complaint, Plaintiff should be required to expressly plead a violation of Section 1981 that occurred while Plaintiff was employed and located in the United States and not permit him to raise any incidents or claims related to events or actions that occurred in or relate to his employment at Misawa AB in Japan.

| | |
|---|---|
| DATED: January 5, 2026 | **K&L GATES LLP** |
| | By: /s/ *Stavroula E. Lambrakopoulos*<br>Stavroula E. Lambrakopoulos<br>Bar No. 023801<br>1601 K Street, NW<br>Washington, D.C. 20006<br>T: 202.778.9248<br>F: 202.778.9100<br>Stavroula.lambrakopoulos@klgates.com |
| | April Boyer (*Pro Hac Vice*)<br>Florida Bar No. 168335<br>april.boyer@klgates.com<br>Yamilet Hurtado (*Pro Hac Vice*)<br>Florida Bar No. 95607<br>yamilet.hurtado@klgates.com<br>200 South Biscayne Boulevard, Suite 3900<br>Miami, Florida 33131<br>T.  305.539.3300<br>F.  305.358.7095 |
| | *Attorneys for Defendants* |

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th of January 2026, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion for Leave to Amend the First Amended Complaint was filed on ECF and served by ECF upon all counsel of record as follows:

>Oliver C. Mitchell, Jr.
>101 Ellsworth Drive
>Sinking Spring, Pennsylvania 19608
>ocmitchelljr@aol.com

And served by email to:

>Leslie N. Oguchi
>5903 Serrano Terrace Lane
>Houston, Texas 77041
>Leslie.oguchi@oguchilaw.com

>/s/ Stavroula E. Lambrakopoulos
>Stavroula E. Lambrakopoulos, Esq.
>K&L Gates LLP
>1601 K Street NW
>Washington, DC 20006
>Tel. 202.778.9248
>Fax. 202.778.9100
>stavroula.lambrakopoulos@klgates.com
>
>*Attorney for Defendants*